UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20060-WILLIAMS/REID

EMILIO PINERO,

    Plaintiff,

v.

COBRE CORPORATION,

    Defendant.
_____/

# REPORT AND RECOMMENDATION ON
# MOTION FOR FINAL DEFAULT JUDGMENT AND
# TO AWARD ATTORNEYS' FEES, COSTS, AND EXPERT FEES

This cause is before the Court on Emilio Pinero's ("Plaintiff") Motion for Final Default Judgment Against Defendant Cobre Corporation ("Defendant") and Application for Attorney's Fees, Costs, and Expert Fees (the "Motion"). [ECF No. 13]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 14]. For the reasons addressed below it is **RECOMMENDED** that the Motion be **GRANTED IN PART**.

## BACKGROUND

On January 6, 2023, Plaintiff brought this action seeking injunctive relief, costs, and attorneys' fees against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C., § 12182. [ECF No. 1]. Defendant was properly and timely served with a copy of the Complaint and Summons on January 13, 2023. [ECF No. 7]. On February 8, 2023, the Clerk of Court entered a default against Defendant. [ECF No. 10]. The default noted that "defendant(s)

1

herein, is/are in default for failure to appear, answer, or otherwise plead to the complaint filed herein within the time required by law." [*Id.*]. Plaintiff then timely filed the instant Motion. [ECF No. 13].

The following facts are admitted because of Defendant's default. Plaintiff is a double-leg amputee and serves as "a 'tester' for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA." [ECF No. 1 at 1–2]. Defendant owns/operates a Shopping Plaza located on or about 920 SW 82nd Avenue, Miami, FL 33144 (the "Shopping Plaza"). [*Id.* at 2–3]. The Shopping Plaza is a public accommodation and service establishment that Plaintiff "has attempted to and has, to the extent possible, accessed" but could not do so "because of his disabilities due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the [Shopping Plaza] that restrict and/or limit his access to the [Shopping Plaza] and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein." [*Id.* at 3]. Plaintiff encountered the following barriers:

> **Accessible Parking Spaces by Suite 974**
> a. Built-up curb ramp encroaches over access aisle contrary to 2010 ADA Code § 406.5;
> b. Accessible parking space does not have a clear access aisle contrary to 2010 ADA Code § 502.3;
> **Accessible Parking Spaces by Suite 962**
> c. Built-up curb ramp encroaches over access aisle contrary to 2010 ADA Code § 406.5;
> d. Accessible parking space does not have a clear access aisle contrary to 2010 ADA Code § 502.3;
> **Accessible Parking Spaces by Suite 946**
> e. Access aisle has a vertical change in level contrary to 2010 ADA Code § 502.4;
> f. Accessible parking space does not have a clear access aisle contrary to 2010 ADA Code § 502.3;
> **Accessible Parking Spaces by Suite 930**
> g. Built-up curb ramp encroaches over access aisle contrary to 2010 ADA Code § 406.5;

   h. Accessible parking space has a non-compliant surface slope contrary to 2010 ADA Code § 502.4;
**Accessible Parking Spaces by Suite 926**
i. Accessible route has a vertical change in level contrary to 2010 ADA Code § 403.4;
**Accessible Parking Spaces by Suite 920**
j. Built-up curb ramp encroaches over access aisle contrary to 2010 ADA Code § 406.5; and
k. Accessible parking space does not have a clear access aisle contrary to 2010 ADA Code § 502.3.

[*Id.* at 4–5]. Moreover, Plaintiff alleges that he:

> [I]ntends to visit the [Shopping Plaza] again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the [Shopping Plaza], but will be unable to do so [] due to the physical barriers to access, dangerous conditions and ADA violations that exist at the [Shopping Plaza].

[*Id.* at 3].

## **LEGAL STANDARD**

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted*, 2021 WL 136287 (S.D. Ala. Jan 13, 2021). Rule 55(b)(2) provides that a court may enter default judgment against a defendant who has failed to defend the lawsuit. *See* Fed. R. Civ. P. 55(b)(2).

"A defendant's default alone does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The

3

Eleventh Circuit has explained that there is a sufficient basis in the pleadings when the complaint could survive a motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). When a defendant defaults, they are deemed to have admitted the plaintiff's well-pleaded factual allegations. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

On a motion for default judgment under R. 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the fact alleged in the Complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-plead allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Orgaphy, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (alterations added; quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against the defendant. *See Shandong Airlines CO. v. CAPT, LLC*, 650 F. Supp 2d 1202, 1206 (M.D. Fla. 2009). Relief awarded by default judgment "must not differ in kind from, or exceed in amount, what is deemed in the [complaint]." Fed. R. Civ. P. 54(c) (alteration added).

## DISCUSSION

**I. ADA Claim**

The ADA prohibits discrimination by public accommodations against disabled persons. *See* 42 U.S.C. § 12181(a). More specifically, the statute provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

*Id.* "A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendant[] own, lease, or operate a place of public accommodation; and (3) the defendant[] discriminated against the plaintiff within the meaning of the ADA." *Norkunas v.*

*Seahorse NB, Ltd. Liab. Co.*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)). Under the ADA an individual is disabled if the individual has "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A).

Plaintiff has shown he is entitled to relief under the ADA against Defendant. First, Plaintiff is disabled under the ADA because he is limited in one or more major life activities. [ECF No. 1]. Second, Defendant's property is a public Shopping Plaza and, therefore, a place of public accommodation. *See* 42 U.S.C. § 12181(7)(B)–(E). Third, Plaintiff alleges that Defendant's property contains numerous barriers to access for disabled individuals, thereby discriminating against disabled persons and violating the ADA; thus, he was discriminated against by Defendant. [ECF No. 1]. More specifically, the Plaintiff alleges six violations regarding parking accessibility. [*Id.* at 4–5]. As a result of these violations, Plaintiff alleges he "has been denied access to, and has been denied the benefits of services, programs, and activities of the [Shopping Plaza]. [*Id.* at 6]. Plaintiff further alleges that he "has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the [Shopping Plaza] and the actions or inactions [of Defendant]." [*Id.* at 3]. Plaintiff alleges that he will suffer future injury as he intends to return to the Shopping Center. [*Id.*].

Therefore, Plaintiff has alleged facts sufficient to satisfy all the elements of disability discrimination under Title III of the ADA. The Court, thus, finds that a "sufficient basis" exists for a default final judgment. *See Surtain*, 789 F.3d at 1245.

**II.     Injunctive Relief**

To remedy violations of the ADA, courts may order injunctive relief, including "an order to alter facilities to make such facilities readily accessible to and useable by individuals with

5

disabilities to the extent required by [the ADA]." *Id* § 12188(a)(2). A plaintiff seeking relief in the form of a permanent injunction must satisfy a four-factor test:

> (1) that they have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Watson v. Island Vibes Kava, Inc.*, No. 23-CV-21534-RAR, 2023 U.S. Dist. LEXIS 181498, at *4-5 (S.D. Fla. Oct. 4, 2023) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)).

Furthermore, Plaintiff must show that removing the barriers alleged is "readily achievable." *Rogers v. Mickens-Malik Realty V, LLC*, No. 16-CV-23169-KMW, 2017 U.S. Dist. LEXIS 123471, at *8 (S.D. Fla. Aug. 3, 2017) (citing *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1226 (M.D. Fla. 2012)). Whether the barrier's removal is "readily achievable" is determined by the Department of Justice's ADA Technical Assistance Manual. *See* Dept. of Just., ADA Title III Tech. Assistance Manual (1993). Finally, the Department of Justice has listed twenty-one examples of modifications that are "readily achievable," including "making curb cuts in sidewalks and entrances." The Court finds that the modifications requested by Plaintiff are "readily achievable" because "the modifications requested by the Plaintiff fall within the parameters set out in the manual[.]" *Rogers*, 2017 U.S. Dist. LEXIS 123471, at *8.

In addition, this Court finds that taking Plaintiff's allegations in the Complaint as true, Plaintiff is entitled to injunctive relief. *See Watson*, 2023 U.S. Dist. LEXIS 181498, at *5 (finding "based on Plaintiff's allegations in the Amended Complaint, . . . that Plaintiff has properly stated a claim for an ADA violation. As a result, Plaintiff is entitled to an injunction."); *Cohan v. Olama Corp.*, No. 22-14183-CV-CAN, 2022 U.S. Dist. LEXIS 166836, at *8-9 (S.D.

Fla. Sep. 15, 2022) (finding that plaintiff was entitled to injunctive relief when plaintiff alleged that he had visited defendant's premises while suffering from a qualified "disability" under the ADA, that Defendant denied him full, safe equal access and enjoyment of facilities, services, goods, and amenities due to the ADA violations alleged in the complaint and that he would like to revisit defendant's premises in the near future, but he cannot do so because of defendant's discriminatory conduct.); *Munoz v. Calle*, Civil Action No. 21-20448-Civ-Scola, 2021 U.S. Dist. LEXIS 84474, at *3 (S.D. Fla. Apr. 28, 2021) (granting plaintiff's motion for final default judgment after reviewing plaintiff's complaint and finding that "the Plaintiff has adequately alleged she has standing to pursue her claim under the ADA and moreover, has sufficiently alleged facts that give rise to an inference that she will suffer future discrimination by the Defendant, and therefore has standing to pursue injunctive relief."); *Cohan v. Marathon*, No. 20-60185-CIV-WILLIAMS/VALLE, 2020 U.S. Dist. LEXIS 200928, at *6 (S.D. Fla. Oct. 27, 2020) (granting plaintiff's motion for entry of final default judgment against defendant asking for injunctive relief where "Plaintiff allege[d] eleven separate ADA violations in the unisex restroom and three additional ADA violations in the food service seating area."); *Braithwaite v. Cozy Corner & Novelties LLC*, No. 18-cv-63053-BLOOM/Valle, 2019 U.S. Dist. LEXIS 231152, at *2 (S.D. Fla. May 23, 2019) (finding plaintiff was entitled to injunctive relief after plaintiff alleged "violations related to parking, public walkways and entrance points, walkways, interior spaces, and emergency exits on the property," in premises he intended to revisit).

### III.     Attorneys' Fees

Plaintiff is also seeking attorney's fees, expert fees, litigation expenses, and costs pursuant to 42 U.S.C. §12205. Specifically, the statute states:

> In any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C.S. § 12205. "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

Here, Plaintiff is the prevailing party because a default was entered against Defendant for failure to appear. Accordingly, a court-ordered material alteration of the parties' legal relationship occurred in Plaintiff's favor. Thus, Plaintiff requests $ 4,311.50 in attorney's fees. [EFC No. 13 at 3]. In support of this request, Plaintiff has submitted an attorney's fees & costs statement detailing the expenses and costs incurred during this litigation. [EFC No. 13-1]. Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

  A. **Reasonable Hourly Rate**

The Court must first evaluate Plaintiff's requested hourly rate for the attorneys. A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. In determining this, the Court should consider the rate "for similar

services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895-96 n.11).

To determine reasonable hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and may consider its own knowledge and experience concerning reasonable and proper fees." *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *7 (S.D. Fla. Dec. 17, 2020), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021) (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Importantly, the trial court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1301-02 (S.D. Fla. 2015) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). As such, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Here, Attorney Glenn R. Goldstein's hourly rate is $415.00. [ECF. No. 13 at 8]. Mr. Goldstein has been practicing since 2008. [*Id.* at 9]. He handles numerous cases in federal district

court, including the Southern District of Florida and other United States Courts, as well as cases in Florida State courts. [*Id.*].

Plaintiff cites a 2023 order granting attorney's fees for Mr. Goldstein at a rate of $415.00 per hour. *Lakhani v. 900 Sw., Ltd. Liab. Co.*, No. 22-cv-23220-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 23949, at *8 (S.D. Fla. Feb. 13, 2023). There, the court stated that Mr. Goldstein's rate is reasonable, citing *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006). *See also Watson*, 2023 U.S. Dist. LEXIS 181498, at *6–7 (finding that a $400 hourly rate "is in line with the rate for fees awarded in similar cases in this district."); *see also Buchholz v. Sai Saffron 180 LLC*, No. 19-cv-21499, 2019 U.S. Dist. LEXIS 188626, at *8 (S.D. Fla. Oct. 31, 2019) (concluding that "[t]he hourly rates for the attorneys ($420 and $350) [is] not excessive."). Accordingly, based on the above-referenced case law and the Court's own knowledge and experience, the Court concludes that Mr. Goldstein's hourly rate is reasonable.

  **B.**  **Reasonable Number of Hours Expended**

The Court must also evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel. *See Norman*, 836 F.2d at 1303. Plaintiff seeks attorney's fees for 11.7 hours worked by Mr. Goldstein, 10 hours for legal work, and 1.7 hours for administrative work. [EFC No. 13-1 at 1]. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316

(S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d at 428.

The Court has carefully reviewed Mr. Goldstein's time entries and finds that some of the billing entries are for clerical and administrative work, such as billing 0.2 hours for filing the complaint, civil cover, and proposed summonses, and creating a file folder using the assigned case number. [EFC No. 13-1 at 1]. Mr. Goldstein billed those administrative hours at a $95 hourly rate. [*Id.*]. Nonetheless, the time entries for clerical or administrative tasks should be excluded. *See Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020), *report and recommendation adopted*, No. 19-CV-60108, 2020 WL 7059353 (S.D. Fla. Dec. 2, 2020), *appeal dismissed*, No. 21-10010-J, 2021 WL 1327212 (11th Cir. Feb. 5, 2021); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them.") (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)); *see also Cohan*, 2020 U.S. Dist. LEXIS 200928, at *14 ("Clerical or secretarial tasks that require no legal skill or

training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time secretary."); *see also Tbeili v. Munsell*, No. 22-21806-CIV-SCOLA/GOODMAN, 2023 U.S. Dist. LEXIS 101809, at *8-9 (S.D. Fla. June 12, 2023) ("Attorney fees cannot be awarded for non-legal work or for work not traditionally done by an attorney.").

Further, this Court finds that several tasks billed seemed to have taken longer than what can be considered reasonable, such as billing 0.2 hours for receiving and reviewing the Order of Referral to Magistrate for Certain Matters/Issues and another 0.2 hours for receiving and reviewing the Order Requiring Filing of Motion for Default Judgment. [EFC No. 13-1 at 1]. *See Cohan v. SNJ Petroleum, Inc.*, No. 9:19-cv-81077, 2020 U.S. Dist. LEXIS 43473, at *8 (S.D. Fla. Mar. 10, 2020) (finding the attorney's hours billed to be excessive or unnecessary when "[c]ounsel also billed 0.1 hours multiple times to simply 'review' various documents that require no action.").

The most efficient way to remedy this is to make an across-the-board cut of the time billed rather than reduce the time billed for individual tasks. *See Longhini v. New Way Foods, Inc.*, No. 15-24286-CIV, 2016 U.S. Dist. LEXIS 158730, at *8 (S.D. Fla. Nov. 15, 2016) (noting a 25% reduction for Plaintiff's counsel was appropriate where the billing records included "non-compensable secretarial work, such as 'create electronic file and organize all materials into respective sub folders,' 'save [notice of electronic filing] in electronic file,' and 'prepare correspondence to [Plaintiff] enclosing [recent filing].'"); *Munoz*, 2021 U.S. Dist. LEXIS 84474, at *5-6 (where the court reduced 20% of the hours billed and found that although most of the counsel's time records and time spent was reasonable "some of the entries pertaining to reviewing routine Court orders, such as the issuance of the summons by the Clerk, to be

unreasonable or unnecessary. . . . This is in line with other orders of the Court, which have found 9 hours and 12.9 hours of attorney time to be reasonable in a default ADA case.").

Based on a review of the billing entries, a 10% reduction is appropriate here. Thus, Mr. Goldstein's time is reduced from 10 billed legal hours to 9 hours. Therefore, this Court awards $3,735 in attorneys' fees.

**IV.    Costs**

In addition to attorney's fees, Plaintiff seeks to recover $472.05 in costs. [EFC No. 13-1]. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* Therefore, rule 54(d) "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a United States Court may tax as costs the following:

(1)    fees of the clerk and marshal;

(2)    fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    fees related to printing and witnesses;

(4)    fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    docket fees []; and

> (6) compensation of court appointed experts [and fees related to interpretation services].

28 U.S.C. § 1920(1)–(6). The party requesting costs bears the burden of submitting a request, which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Furthermore, "courts have interpreted 42 U.S.C. § 12205 to expand costs awarded in ADA cases beyond those usually awarded under §1920." *Cohan v. Interzone, Inc.*, No. 18-80522-CV-Rosenberg/Reinhart, 2019 U.S. Dist. LEXIS 55668, at *9 (S.D. Fla. Mar. 29, 2019); *see Brother v. BFP Investments, Ltd.*, 2010 U.S. Dist. LEXIS 74862, 2010 WL 2978077, at *8 (S.D. Fla. June 1, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 74861, 2010 WL 2978080 (S.D. Fla. July 26, 2010) ("the Court agrees with Plaintiff that the inclusion of the term 'litigation expenses, and costs' in the statute indicates that the intent was to make the statute much broader than simple 'costs' statutes, and to allow for the recovery of all litigation expenses as well.").

Plaintiff seeks a total of $472.05 in costs divided as follows: (1) $402.00 filing fee; (2) $60.00 for service of process; (3) $4.58 for postage for certified mail to defendant; and (4) $5.47 postage for certified mail to defendant. [ECF No. 13-1 at 2]. Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost. Moreover, Plaintiff is also entitled to the $ 60.00 process server fee. More specifically:

> Even though 28 U.S.C. § 1920 does not expressly say so, private process server fees may be taxed under 28 U.S.C. §§ 1920 and 1921 so long as the taxable costs of the process server are limited to the statutory fees that §1921(b) authorizes . . . . According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service shall routinely collect fees of $65 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses.

14

*See Kennedy v. Fountains of Boynton Assocs.*, No. 16-81902-CIV, 2017 U.S. Dist. LEXIS 184427, at *10-11 (S.D. Fla. Nov. 6, 2017) (internal citations omitted). Lastly, Plaintiff is entitled to the postage fees in the amount of $4.58 and $5.47. *See Cohan*, 2020 U.S. Dist. LEXIS 200928, at *15-16 (stating that "Plaintiff seeks an award of costs, including filing fees ($400), process server fees ($45), postage fees ($2), and copy fees ($3), totaling $450 . . . . These costs are reasonable and recoverable under 28 U.S.C. § 1920 and as 'advancement of litigation' under 42 U.S.C. § 12205."). Thus, this Court finds that Plaintiff is entitled to $472.05 in costs.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Default Final Judgment and for an Award of Attorneys' Fees and Costs [ECF No. 13] be **GRANTED IN PART**. Specifically, the Court should: (1) enter a Final Default Judgment against Defendant; (2) award Plaintiff $3,735 in attorney's fees; and (3) award Plaintiff $472.05 in costs.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 28th day of November, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams**; and

**All Counsel of Record**